BACKENROTH FRANKEL & KRINSKY, LLP
489 Fifth Avenue
New York, New York 10017
(212) 593-1100

Abraham J. Backenroth
Mark A. Frankel
Scott A. Krinsky

Telecopier No.
(212) 644-0544

August 14, 2008

**BY HAND**
The Honorable Stuart M. Bernstein
Chief Bankruptcy Judge
United States Bankruptcy Court
One Bowling Green
New York, New York 10004

    Re:    **New York Skyline, Inc.**

Dear Honorable Sir:

    I am writing in response to your request at the August 5, 2009 hearing in the New York Skyline ("Debtor") case, for a letter brief on the issue of whether the Debtor's claim to rescind the May 2005 settlement agreement, initially asserted in the state court action and subsequently removed to this Court by ESB, is mooted by the Debtor's assumption of that agreement as part of the assumption of the Debtor's underlying lease with the Empire State Building.

    The rule is that upon assumption of a lease, a debtor is entitled to all of the rights under that lease, and subjected to all of the lease obligations. *E.g. In re Jamesway Corp.* 201 B.R. 73, 75 (Bankr. S.D.N.Y., 1996) ("Except as otherwise provided in the Bankruptcy Code, an executory contract or unexpired lease is assumed cum onere."). The Debtor submits that assumption therefore preserves a debtor's right to seek rescission along with the Debtor's other rights. Indeed, if a debtor rejects a lease, the debtor has been deemed to have breached the lease resulting in lease termination. As stated by *Collier on Bankruptcy*, "The Trustee must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits." 3 Collier on Bankruptcy para. 365,03[1] (15th Ed. Matthew Bender, 2008). Thus, unlike assumption where rights and obligations are preserved, rejecting a lease <u>before</u> it has been rescinded may "shed" or moot a recission claim because post-rejection, there will no longer be a lease to rescind.

    Against this background, under section 365 of the Code, a debtor has only two options with respect to a non-residential real property lease – assumption or rejection, and since a debtor must choose its option within a maximum of 210 days of filing its petition, the Debtor believes that the best way to preserve a recission claim is to assume. Moreover, where, as here, the Debtor is seeking to rescind only one part of the lease, the Debtor's <u>only</u> option is to assume.

The Debtor has been unable to find any authority indicating a legislative intent to preclude or otherwise limit the survival of a recission claim following assumption under section 365 of the Code, nor is the Debtor aware of any reason why a debtor should be denied that right.

The Debtor was also unable to find any case law involving the intersection of recission law and lease assumption law, except the case of *A. Tarricone, Inc.* 70 B.R. 464 (Bankr. S.D.N.Y. 19987), which the Court cited at the August 5, 2009 hearing. *A. Tarricone* holds that if a debtor assumes a lease during the pendency of a <u>stayed</u> recission action, the debtor is not permitted to pay the cure amount into escrow in that <u>stayed</u> recission action upon assumption, but must instead pay the cure amount directly to the landlord.[1] The *A. Tarricone* Court reasoned that a landlord needs to be able to collect rent to cover its own expenses.[2] In other words, since the recission action was stayed in *A. Tarricone*, the landlord would not have been able to obtain a disbursement from the escrow account established in the stayed action, and, therefore, would have no way to collect rent.

The *A. Tarricone* decision contained an observation by the Bankruptcy Court that since the debtor is suing the landlord to rescind the lease in State Court, it "obviously" should not be seeking to assume the lease in Bankruptcy Court.[3] Given the *A. Tarrucone* holding, the Bankruptcy Court's comment should not be interpreted as a legal conclusion that a recission cause of action is moot following assumption. Indeed, the *A. Tarricone* Court holding was based upon the existence of a stay of the recission case; not that the recission action would be deemed moot due to lease assumption. If the *A. Tarricone* Court believed that the recission claim was mooted by assumption, it would have held that the lease assumption cure amount must be paid to the landlord directly due to the recission lawsuit being rendered moot, as opposed to the actual holding which was that the cure must be paid directly to the landlord since the recission lawsuit remained <u>stayed</u>.

In the absence of any material comment on the recission case in *A. Tarricone* other than to observe that it was stayed, there is no basis upon which to conclude that *A. Tarricone*

---

[1] The holding reads as follows: "Any defaults under the lease which must be cured and all rent payments which must be made shall be paid directly to the lessor and not into any escrow fund created in a local summary proceeding in which the parties have been stayed pursuant to 11 U.S.C. § 365(a)." 70 B.R. at 466.

[2] The Court stated as follows: "A rent default is not cured, nor is the lessor given adequate assurance of prompt cure, as required under 11 U.S.C. § 365(b)(1)(A), if the rent is paid into an escrow fund established in a state court litigation in which the parties are stayed from proceeding on the merits. The lessor must have immediate use of the rent money in order to satisfy its own obligation for taxes and mortgage payments. An enjoined escrow fund is not the equivalent of prompt cure." *Id.*

[3] The Court stated as follows: "If the debtor wishes to pursue its cause of action for a rescission of the lease it should obviously not assume it in this court. However, the debtor maintains that it does not seek rejection but prefers to assume the lease." *Id.*

2

stands for the proposition that lease assumption moots a recission cause of action.  Indeed, the Debtor respectfully submits that the *A. Tarricone* Court's comment is more appropriately read as an observation regarding bankruptcy strategy.

By way of explanation, if a debtor is trying to rescind a lease, that typically means the debtor does not want to be bound by it.  Strategically, therefore, a debtor should "obviously" not revoke its Bankruptcy option to reject a lease before the debtor knows the outcome of the recission case.  If the Debtor loses the recission case, it can still accomplish its presumed goal of avoiding the lease by rejecting it in bankruptcy.  Accordingly, as Judge Schwartzberg observed, it "obviously" would make no sense for A. Tarricone to assume the lease while its recission action was pending because by assuming the lease, A. Tarricone was unnecessarily forfeiting its lease rejection option in bankruptcy if it subsequently lost the recission case.  The result of assumption would also be to burden A. Tarricone with payment of the cure amount at 100 cents on the dollar, and worse, it would have unnecessarily obligated the debtor to pay all other obligations under the lease at 100 cents on the dollar until the end of the lease.

Judge Schawartzberg's strategic observation was particularly appropriate in 1987 when A. Tarricone was written because, before the 2005 Bankruptcy Code amendments, a bankruptcy court had discretion to give a debtor virtually unlimited time to decide whether to assume or reject, particularly where pending litigation would affect a decision to assume or reject.  *E.g. In re United Press International*, 60 B.R. 265, 270 (Bankr.D.Colo.1986); *In re Perkins*, 71 B.R. 294, 297 (W.D.Tenn.1987).

Since 2005, however, as noted above, the Bankruptcy Code only gives a debtor 210 days at most.  In this case, therefore, unlike the *A. Tarricone* case, the Debtor could not wait until the end of the recission litigation to decide whether to assume or reject, even though it "obviously" would have preferred to do so.  The Debtor had to move forward with assumption or rejection before knowing how the recission case would be decided.  In this case, moreover, the Debtor is not seeking to rescind the entire lease; only the latest lease modifications under the 2005 settlement agreement.  Thus, assumption was the only logical business choice for the Debtor.

In summary, the Debtor respectfully suggests that implicit in the concept of assuming a lease *cum overe*, is that a debtor does not lose its right to rescind, (whereas it may very well be that in a rejection context a debtor does lose it right to rescind).  The *A. Tarricone* Court's comment regarding the incongruity of assuming a lease during a pending recission case should not be deemed to be an indication that legally a recission case does not survive lease assumption because, if that was the meaning intended, the Court would have so held.  Rather, the *A.*

*Tarricone* Court's comment only makes sense as a cogent comment on legal strategy. Accordingly, the Debtor urges the Court to permit the Debtor to continue to litigate its recission case post-assumption of the lease.

        Thank you for your courtesies.

        Respectfully Submitted,

        s/Mark Frankel

cc:    William Heuer (by email)
       Joseph Fox (by email)