Debt Acquisition Company of America V, LLC
1565 Hotel Circle South, Suite 310
San Diego CA 92108
Phone: 619-220-8900
Fax: 619-220-8900

RECEIVED
JUN - 5 2013
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

In re: NEW YORK SKYRIDE, INC.,

Debtor.

No. 09-10181

**MOTION TO REOPEN CASE AND COMPEL PERFORMANCE OF CHAPTER 11 PLAN AND DIRECTING DEBTOR TO MAKE PAYMENTS**

I.

FACTUAL BACKGROUND

1. <u>Introduction, Debtor, Etc.</u> The Debtor filed its Chapter 11 petition on January 12, 2009. The debtor's Plan of Reorganization was confirmed by this Court pursuant to an Order entered October 12, 2010.

2. <u>Moving Party.</u> Moving Party is a California Limited Liability Company holding general unsecured claims in this bankruptcy case. DACA acquired the claims of Coffee Distributing Corp ($549.71) and Control Screening LLC ($1,450.00).

3. <u>Terms of Plan.</u> The debtor's confirmed Plan stated that general unsecured creditors were to be paid in full plus interest with respect to their claims. The claims that DACA acquired have not been paid

nor has an objection been filed. These two claims were scheduled by the Debtor and were not listed as either Contingent, Disputed or Unliquidated.

4. *Payments by Debtor.* DACA has not received any payments with respect to its claims. Close to three years have passed since confirmation.

5. *Default.* The debtor defaulted under its confirmed Plan of Reorganization. The payments to DACA required by the plan have not been made.

6. *Notice.* This motion is being sent to the reorganized debtor, the debtor's counsel, and the Southern District of New York bankruptcy court.

7. *Requested Relief.* Since the debtor has defaulted, movant requests that this Court order the debtor to pay DACA and other situated creditors.

## MEMORANDUM OF POINTS AND AUTHORITIES

Chapter 11 Plans of Reorganization provides that the Courts will retain jurisdiction to the extent provided by law, including, without limitation, jurisdiction to: interpret and enforce the terms of the Plan, the Settlement Agreement, and any orders or judgments connected therewith; modify the Plan in accordance with Bankruptcy Code section 1127; hear and determine claims objections or estimations, and matters related thereto; hear and determine the Debtor's claims against other persons; and hear and determine any matter necessary or appropriate under bankruptcy Code section 505;. 28 U.S.C. § 157 provides post confirmation jurisdiction to the Court and states in part:

...b) Bankruptcy judge may hear and determine all cases under title 11 and all core proceeding arising under title 11, or arising in a case under title, 11 , referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

(2) Core proceeding include, but are not limited to ...

(A) matters concerning the administration of the estate...

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury torts or wrongful death claims.

Section 1142 of the Bankruptcy Code provides as follows:

(a) Notwithstanding any otherwise applicable non-bankruptcy law, rule, or regulation relating to financial condition, the debtor and any entity organized or to be organized for the purpose of carrying out the plan shall carry out the plan and shall comply with any orders of the court.

(b) The court may direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed plan, and to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the plan.

The bankruptcy court's post-confirmation authority is limited to matters concerning the implementation or execution of a confirmed plan. *In re Johns-Manville Corp.*, 7 F.3d. 32 (2nd Cir. 1993); *In re Goodman*, 809 F.2d 228 (4th cir. 1987). The bankruptcy court has "continuing responsibilities to satisfy itself that the plan is being properly implemented." *Hillis Motors, Inc. v. Hawaii Auto. Dealers' As'n*, 997 F.2d 581, 588 n.11 (9th Cir. 1993). Further, a court may entertain a motion to enforce a confirmed plan and an adversary proceeding is not required. *In re Attalla Golf & Country Club, Inc.*, 181 B.R. 611, 613-14 (Bankr. N.D. Ala. 1995).

WHEREFORE, movant prays that the Court reopen the case and make and enter an order (1) directing the debtor to pay DACA in accordance with its confirmed Plan of Reorganization and for such other and further relief as the Court deems just and proper.

Dated: May 29 2013

Katherine Ward for Debt
Acquisition Company of America V, LLC

Page 3

PROOF OF SERVICE BY MAIL

I, Katherine Ward declare that I am over 18 years of age, a resident of the County of San Diego, State of California, and am not a party to the within proceeding, namely In re NEW YORK SKYRIDE INC, Case No. 09-10181, United States Bankruptcy Court for the Southern District of New York.

On May 29 2013, I served in the manner specified or deposited in the United States Mail, at San Diego, California, for the above-entitled action, in an envelope bearing the prerequisite postage, a copy of:

1. MOTION TO REOPEN CASE AND COMPEL PERFORMANCE OF CHAPTER 11 PLAN AND DIRECTING DEBTOR TO MAKE PAYMENTS

addressed to:

US Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Mark A. Frankel
Backenroth Frankel & Krinsky, LLP
489 Fifth Avenue
New York, NY 10017

New York Skyline, Inc
350 Fifth Avenue
New York NY 10118

at his/her/their last known address, at which place there is a delivery service by mail from the United States Post Office. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief and that this declaration is executed on May 29 2013, at San Diego, California.

Katherine Ward for Debt Acquisition Company of America V, LLC
1565 Hotel Circle South, Suite 310
San Diego CA 92108